FREDERICK F. LERNED *vs.* LEVERETT SALTONSTALL & another.

A conveyance to the grantee to hold " for the benefit and use of " the grantor's wife " for and during the natural life of said " wife, " and at the death of said " wife " to convey the same in fee " to the grantor, " or in case of his death prior to the decease of said " wife, " then to convey the same to the heirs at law of " the grantor, gives the wife the equitable estate for her life, and the remainder is to be conveyed at her death, and not before.

BILL IN EQUITY against Leverett Saltonstall and Sarah A. Lerned, alleging that Thomas P. Lerned, being the owner of certain real estate, conveyed it to the defendant Saltonstall by a deed the habendum of which was as follows : ·

" To have and to hold the aforegranted premises to him the said Saltonstall and to his heirs and assigns, in trust for the uses, trusts and purposes hereafter set forth and for none other ; to wit : for the benefit and use of Sarah A. Lerned, wife of said Thomas P. Lerned, to allow her to use and occupy the same or to receive the rents and profits of the same, if the same shall be leased, after deducting cost of repairs, insurance, taxes, &c., for

and during the natural life of said Sarah A. Lerned. And at the death of said Sarah A. Lerned to convey the same in fee to the said Thomas P. Lerned, or in case of his death prior to the decease of the said Sarah A. Lerned, then to convey the same to the heirs at law of said Thomas P. Lerned."

The bill then alleged that Thomas P. Lerned had died; that the plaintiff was his only heir at law; that Saltonstall refused to convey the premises to him, and that Sarah A. Lerned declined to yield to him the possession. The prayer was that he might be decreed to convey the premises, and that she might be decreed to yield to him the possession. The defendant Saltonstall answered and the other defendant demurred, and the case was heard and reserved by *Colt*, J., for the consideration of the full court.

*J. Nickerson*, for the plaintiff.

*E. F. Hodges*, for the defendant Saltonstall.

*O. Sanford*, for the defendant Lerned.

GRAY, C. J. The trust deed clearly manifests and asserts the intent of the grantor that his wife should have the whole equitable estate in the premises during her natural life; and that upon her death, and not before, the remainder should be conveyed to the grantor if living, or, if dead, to his heirs. The plaintiff, as his heir at law, has therefore no right to a conveyance of the land or to the income or possession thereof, during her life; and the question of the title to the remainder cannot be decided until her death. *Bill dismissed with costs.*